UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

ABDICASIIS CABAASE
　PETITIONER,

vs                                § CRIM No. 2:10-CR-57

UNITED STATES OF AMERICA
　RESPONDENT,

PRO SE MOTION REQUESTING A REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)

## I. AUTHORITY

THE FIRST STEP ACT OF 2018 MADE THE FIRST MAJOR CHANGES TO COMPASSIONATE RELEASE SINCE ITS AUTHORIZATION IN 1984. Pub. L. 115-391, 132 STAT. 5194. PROCEDURALLY, THE FSA REMOVED THE DIRECTOR OF THE BOP AS THE SOLE ARBITER OF COMPASSIONATE RELEASE. INSTEAD, THE LAW ENABLED A DEFENDANT TO MOVE FOR COMPASSIONATE RELEASE DIRECTLY IN THE DISTRICT COURT AFTER EXHAUSTING THEIR ADMINISTRATIVE RIGHTS. 18 U.S.C. § 3582(c)(1)(A). PRIOR TO THIS CHANGE, THE BOP RETAINED SOLE GATEKEEPING

(1)

authority over compassionate release petitions. Brooker, 976 F.3d 228, 232 (2nd 2020). This resulted in underuse and mismanagement. Through the FSA, Congress sought to mitigate this by "increasing the use and transparency of compassionate release," Pub. L. 115-391, 132 Stat. 5194, 5239 (capitalization omitted).

Substantively, the FSA also modified the "extraordinary and compelling reasons" determination. Congress never defined what constitutes "extraordinary and compelling," but rather delegated this determination to the sentencing. By the text of §3582(c)(1)(A), any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission. In April of 2023, the Sentencing Commission voted to adopt 11 eleven new amendments. It made specific changes to § 1B1.13 and expanded the definition of what constitutes "extraordinary or compelling reasons" for purposes of compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Amendments 814, 821 and etl... Lastly, BOP Program Statement 5050.50, amended after passage of the FSA, describes the factors BOP considers grounds for compassionate release. See P.S. 5050.50 para. 3-4. These grounds are similar to the reasons identified by the Sent. Comm., but also include a list of factors like rehabilitation and circumstances of the offense.

Building from this guidance, district courts across the country have identified <u>additional situations</u> where "extra

ORDINARY AND COMPELLING REASONS" EXIST. PETITIONER DOES STATE FOR THE RECORD, THAT IN ACCORD WITH THE HEREIN STATED. HE WILL PRESENT THIS COURT WITH CLAIMS THAT WILL PROVE "EXTRA ORDINARY OR COMPELLING REASONS" FOR THIS COURT GRANTING HIM A REDUCTION OF SENTENCE IN ACCORD WITH THE INTENT/LINE OF REASONING OF THE SENTENCING COMMISSION, AND DISTRICT COURTS ACROSS THE COUNTRY.

## II. EXHAUSTION

1) ON OR ABOUT June 20, 2024, PETITIONER DID PROVIDE WARDEN RAY (VIA COUNSELOR BARR) WRITTEN REQUEST THAT SHE FILE A MOTION FOR REDUCTION OF SENTENCE ON HIS BEHALF. SEE (ATT.A) AND ITS SUPPORTING EXHIBITS.

2) TODAY IS July 20, 2024 AND WHILE THIS MOTION WILL TAKE A FEW DAYS TO COMPLETE, PETITIONER DOES NOT ANTICIPATE ANY RESPONSE FROM WARDEN RAY WILL BE FORTHCOMING.

3) BY THE TIME THIS MOTION IS COMPLETED, MAILED TO THIS COURT AND THE COURT ACCEPTING/RECEIVING IT. THE 30 DAY TIME LIMIT REQUIREMENT WILL HAVE PASSED AND EXHAUSTION WILL BE COMPLETED.

## III. ARGUMENTS

1) INADEQUATE MEDICAL CARE;

(3)

This new provision under Amendment 814 covers individuals who are suffering from a medical condition(s) and require, but are not receiving, long term or specialized care, putting them at risk of serious deterioration or death. Petitioner does submit as (Att. B) medical records that will prove he is suffering from a medical condition(s) that require, but is not receiving, long term or specialized care, putting him at imminent risk of serious deterioration of health or death. Petitioner further avers and asks this Court to take judicial notice of these facts. That it is widely known by courts around the country, that the BOP/USP Hazelton and other facilities do NOT! provide its prison population with constitutionally adequate medical care. All too often resulting in a serious deterioration of health and ultimately death. See Est. of Hill v Naphcare, Case No. 2:20-CV-410; and Boley v Armor Corp., Health Servs, USDC, Case No. 2-21-CV-197 (E.D. VA).

For the above stated and in combination with all other arguments Petitioner will make herein. He asks this Court to grant him a reduction of sentence.

2) Pandemic Health:

When the Commission made this new ground for compassionate release under Amendment 814 / § 1B1.13, it re-

flected lessons learned from COVID-19 and covers individuals who are 1) housed at a correctional facility that is affected by or at imminent risk of an ongoing infectious disease outbreak or public health emergency; and 2) who, due to personal medical conditions, are at increased risk of suffering from severe complications to their health or death that cannot be mitigated should they be exposed. Petitioner does state that 1) he is in fact an individual housed at a correctional facility that has not only been affected by but is still at imminent risk of an ongoing infectious disease outbreak or public health emergency; and 2) who, due to his personal medical conditions (See Att. B), is at increased risk of suffering from severe complications to his health or death that cannot be mitigated should he be exposed.

To further support his argument, petitioner does state that in a report published in Prison Legal News (Oct. of 2023) Found: Prison is a factor in falling U.S. life expectancy and found that there was a 50% increase in prisoner deaths nationally due to COVID-19. Six states showed a 200% increase and that the overall death rates from the disease in America's prisons were twice as high as the national average, claiming at least 6,182 prisoner lives alone, compared to just 4,240 prison deaths in 2019 from "All" causes. Petitioner has already established that he suffers from pre-existing medical conditions that put him

at greater risk if he were to contact COVID-19 or any other infectious disease outbreak or public health emergency. This coupled with the fact that he is presently in a correctional facility, makes him a "sitting duck" and will subject him to severe complications and even death. Wherefore the herein stated and in combination with all of his other extraordinary and compelling reasons stated. Petitioner asks this court to grant him a reduction of sentence

3) SEXUAL AND PHYSICAL ABUSE:

This new provision covers individuals who are survivors of sexual or physical abuse (assault) by BOP personnel, that result in serious bodily injury. Petitioner at this time states that he has not found himself to be the victim of sexual or physical abuse by prison personnel. However, he asks this court to take judicial notice under 201(c)(2) of (Att. A) and its supporting documents/exhibits. Namely the letter from Clutter Investigations, and as proof that there exists a culture within the BOP (system wide) that all to often is responsible for not only the sexual but physical abuse of its prison population; to which petitioner is a member of this population.
Because of the above stated, it is only a matter of time that petitioner will find himself another victim/ statistic of sexual/physical abuse by BOP officials.

(6)

He asks this Court that in combination with all of his extraordinary and compelling reasons he's stated, that this Court grants him a reduction of sentence.

4) OTHER REASONS:

This change to §1B1.13, gives broad discretion to the BOP and Judges to identify an unlisted extraordinary and compelling reason. A district Judge from the Northern District of Texas, exercising this broad discretion identified an "extraordinary and compelling reason." See Solomon, 2023 U.S. Dist. LEXIS 63911 (N.D. Tex 2023)

A) CABARAS'S SENTENCE IS UNJUST/FUNDAMENTALLY UNFAIR...

Petitioner asks this Court to take judicial notice under 201(c)(2), that Title 18 §1651/Piracy is the law of the Nations (i.e. International Law). He also asks this Court to take notice that Petitioner is a "Member" of class of Defendants who's crimes are against the Law of Nations and as such should have been sentenced in accord with the International Law for Piracy of just over 14 years. See Said, 798 F3d at 192. He asks this Court to take Judicial notice that the Equal Protection Clause entitled Petitioner to the Global

(7)

average sentence of 14 years. And because 1) there was no loss of life; 2) no loss of property; 3) he is a member of a class of defendants who internationally are sentenced globally to 14 years; 4) wherein there is no loss of life or property; and 5) wherein because the AUSA's in this case were charged with knowing of how international law applied to this case and not only disregarded it and advocated for a draconian life sentence. This court can infer that the treatment of petitioner was intentional purposeful discrimination. See Veney, 293 F3d at 730 and Balbor v Clarke, 2011 U.S. Dist Lexis 41723.

B) Petitioner asks this court to take judicial notice that his §924(c) offenses are unjust/unfair and in accord with the §403 of the First Step Act of 2018 and McCoy, 981 F3d 271 (4th 2020). This is enough to prove an "extraordinary and compelling reason for a reduction of sentence.

Because of the herein stated and in combination with all of petitioner's other extraordinary and compelling reasons, he asks this court to grant his request for a reduction of sentence.

5) UNUSUALLY LONG SENTENCES:

This provision gives judges discretion, after full consideration of the prisoner's individualized circumstances, to determine whether a change in law that would result in a lower sentence today could be a ground for sentence reduction. One aspect of the new sentencing guidelines is the authority it gives "district courts" to consider unusually long sentences. The new amendment, according to the USSC, "agrees with the circuits that authorize a district court to consider <u>non-retroactive</u> changes in law as extraordinary and compelling circumstances warranting a sentence reduction, but adopts a tailored approach that narrowly limits that principle in multiple ways." First, it permits the consideration of such changes only in cases involving "unusually long sentences," which the legislative history to the SRA expressly identified as a context in which sentence reduction is needed. See S. Rep. No. 98-225, at 55 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3238 SG:

The committee believes that there may be unusual cases in which the eventual reduction in the length of a term of imprisonment is justified by changed circumstances. These would include cases of severe illness, and some cases in which the sentencing guideline for the offense of which the defender was convicted have been later amended to prove a shorter term of imprisonment...

⑨

Second, the change of law itself may be considered an extraordinary and compelling reason only where it would produce a gross disparity between the length of the sentence being served and the sentence likely to be imposed at the time the motion is filed. Finally, to address administrative concerns raised by some commentators, the amendment limits the application of this provision to individuals who have served at least 10 years of the sentence the motion seeks to reduce. The facts of petitioner's case establish:

A) His sentence is in fact unusually long compared to other similarly situated accused pirates who have been globally sentenced to a little over 14 years;

B) The changes in law; recent Supreme Court rulings (Alleyne and etc...), Amendments 814, 821 and etc... are considered by courts across the country to be extraordinary and compelling reasons for a reduction of sentence;

C) Would in fact prove a gross disparity between the length of sentence being served and the sentence likely to be imposed at the time this motion is filed; and

D) Petitioner has in fact served over 10 years of an unusually long sentence that this motion seeks to reduce.

Because this court now has the discretion to consider non-retroactive changes in law and etc... (§403 of the FSA

10

OF 2018, ALLEYNE, SOLOMON, MCCOY, DAVIS, AMENDMENTS 814/821 AND ETC.). PETITIONER ASKS THIS COURT TO CONSIDER THE HEREIN STATED AND IN COMBINATION WITH ALL OF HIS OTHER EXTRAORDINARY AND COMPELLING REASONS; AND GRANTS HIM A REDUCTION OF SENTENCE.

## IV. Conclusion

NOW THAT THIS COURT HAS THE DISCRETION TO IMPOSE WHICHEVER SENTENCE IT DEEMS JUST, PURSUANT TO AMEND. 821, 814, FIRST STEP ACT OF 2018 (§403), DAVIS, SOLOMON, THE EQUAL PROTECTION CLAUSE, JOHNSON, MCCOY AND ETCETERA, PETITIONER ASKS THIS COURT TO GRANT HIM A REDUCTION OF SENTENCE; ONE THAT IS JUST AND FAIR.

RESPECTFULLY

_____Cabaese_____   DATED 7/30/24

## Certificate of Service

I, ABDICASIIS CABAASE DO SWEAR UNDER PENALTY OF PERJURY THAT I HAND DELIVERED A COPY OF THIS MOTION TO USP HAZELTON STAFF ON July 30, 2024 FOR DELIVERY FIRST CLASS U.S. MAIL ADDRESSED TO THE PARTY BELOW:

AUSA's OFFICE
101 W. MAIN ST., STE. 8000
NORFOLK, VA 23510

_Acube_